IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA HILLIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-1269-STE |
| ) | |
| NANCY BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** for further administrative findings.

I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 15-27). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 25, 2014, her alleged onset date. (TR. 16). At step two, the ALJ determined Ms. Hillier had the following severe impairments: degenerative disc disease of the lumbar spine; hypertension; plantar fasciitis/foot pain; and obesity. (TR. 16). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

At step four, the ALJ concluded that Ms. Hillier retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift/carry twenty-pounds occasionally, ten pounds frequently; she can push and pull consistent with lifting and carrying; stand/walk five-hours in an eight-hour workday, and sit six-hours in an eight-hour workday. She requires the need to change positions, but does not have to leave the workstation. She can occasionally climb stairs and ramps but should avoid climbing ladders, ropes, and scaffolds. She can occasionally balance, bend/stoop, kneel, crouch, and crawl. She can have occasional exposure to extreme cold temperatures under 32 degrees Fahrenheit and vibrations. She can frequently drive, and avoid all exposure to hazardous or fast machinery or unprotected heights.

(TR. 17). At the hearing, the ALJ presented these limitations to a vocational expert (VE) to determine whether Plaintiff could perform her past relevant work. (TR. 41-42). Given

the limitations, the VE testified that Plaintiff could perform her perform her past relevant work as a customer service representative and a mortgage clerk. (TR. 42). The ALJ adopted the testimony of the VE and concluded that Ms. Hillier was not disabled based on her ability to perform her past relevant work. (TR. 20-21).[1]

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

### IV. ISSUES PRESENTED

On appeal, Plaintiff alleges error in the RFC—that the ALJ failed to specify the frequency allocated for the RFC's "sit-stand" option.

---

[1] In the decision, the ALJ mentioned alternative step five findings, setting forth the standard and ultimately concluding that Plaintiff could perform other work in the national economy. *See* TR. 21-22. But at the hearing, the ALJ never inquired about other jobs with a VE, nor were any other jobs identified at the hearing or in the decision. The Court presumes the step five discussion was mistakenly included in the decision.

**V. ERROR IN THE RFC**

At the hearing, Ms. Hillier testified that due to back pain, she could only stand for 10 minutes at one time. (TR. 38-39). In the RFC, the ALJ stated that Ms. Hiller could perform light work, but would need to "change positions, but [did] not have to leave the workstation." (TR. 17). With the sit-stand option, the ALJ concluded that Plaintiff could perform her past relevant work of customer service representative and mortgage clerk. (TR. 20-21). Although the RFC allowed for a sit-stand option, Plaintiff argues that the ALJ failed to identify, with specificity, the frequency with which Plaintiff would need to change positions from sitting to standing. As a result, Ms. Hillier contends that the hypothetical to the VE was defective and could not provide a basis for the step four findings. Ms. Hillier is correct.

In asserting this position, Plaintiff relies on SSR 96-9p, which provides:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

SSR 96-9p, 1996 WL 374185, at *7 (emphasis provided). As an initial matter, the Court notes that SSR 96-9p, as written, is specifically applicable to *sedentary* work and the RFC in the present case limited Plaintiff to less than a full range of *light* work. However, the past relevant jobs were identified as "sedentary," and the statutory definition of light

4

work requires "a good deal of walking or standing, or … sitting most of the time." 20 C.F.R. §§ 404.1567(b) & 416.567(b). As a result, the Court concludes that an individual's ability to sit and stand is also relevant to "light" work, and is certainly relevant to Ms. Hillier's ability to perform her past work, which was identified as "sedentary." *See Wahpekeche v. Colvin*, 640 F. App'x 781, 784-85 (10th Cir. 2016) (applying SSR 96-9p in the context of "light" work); *Vail v. Barnhart*, 84 F. App'x 1, 5 (10th Cir. 2003) ("Precisely how long a claimant can sit without a change in position is also relevant to assumptions whether he can perform light work."). In fact, the SSA has defined an individual's need to alternate sitting and standing as a "Special Situation" and devoted an entire section to the issue in an SSR evaluating exertional limitations within a range of work. *See* SSR 83-12, 1983 WL 31253 (Jan. 1, 1983). There, the SSA stated:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work.
>
> …
>
> Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

SSR 83-12, 1983 WL 31253, at *4.

Here, the ALJ recognized Ms. Hillier's need to alternate sitting and standing, as evidenced by the RFC which stated that Plaintiff "requires the need to change positions,

but does not have to leave the workstation." (TR. 17). But as noted by Ms. Hillier, the RFC is silent regarding the frequency with which she would need to alternate positions. The omission is critical in light of: (1) Ms. Hillier's testimony that she could only stand for 10 minutes at a time and (2) the VE's testimony that "the 10-minute [standing] limit[]" would be "very limiting in a work assignment in being able to complete tasks and follow through on various activities required." (TR. 43).

Ms. Berryhill attempts to salvage the RFC by stating: "Even if the limitation is not specific in the actual residual functional capacity assessment, there is no error if the Court can discern the specificity from the remainder of the relevant evidence of record." (ECF No. 16:8). In doing so, the Commissioner relies on *Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 792 (10th Cir. 2013).

In *Jimison*, the RFC stated that the claimant could "perform the full range of sedentary work provided she had the option to sit or stand." *Id.* at 791. The plaintiff argued that the RFC lacked specificity regarding the frequency required to sit and/or stand. *Id.* at 792. The Court disagreed. In doing so, the Court began by noting that "an ALJ must be specific as to the frequency of the individual's need to alternate sitting and standing." *Id.* (internal citation omitted). But in *Jimison*, the Court found no error because the VE had stated that his testimony was based on the understanding that the sit/stand option was "at will." *Id.* The Court stated: "Although the ALJ did not specify in his written RFC that the sit/stand option was at will, there can be no question that this was the ALJ's finding because he did not correct the VE when the VE told [the plaintiff's] attorney that the vocational assessment was based on that assumption." *Id.*

6

Here, Ms. Berryhill states: "In this case, the Court should readily discern the limitations of the ALJ's sit-stand option in his reasonable residual functional capacity findings and associated hypothetical question posed to the vocational expert[.]" (ECF No. 16:8). But unlike in *Jimison*, the hypothetical posed to the VE in the instant case did not clarify the frequency of the sit-stand option. *See* TR. 42 (hypothetical to VE which stated "the person should be able to change positions, although they do not have to leave the workstation."). The RFC and the hypothetical were identical, and both suffered from the same fatal flaw—the lack of specificity with which Ms. Hillier would need to change positions. Thus, the Court rejects Ms. Berryhill's reliance on *Jimison*.

Under these circumstances, both the decision and hypothetical question lacked key facts and the VE's testimony cannot provide substantial evidence to support the ALJ's step four decision. The sit-stand limitation in the RFC was not sufficiently specific as to frequency, which caused the resulting hypothetical to the VE to be defective. Because the ALJ adopted the VE's testimony at step four in concluding that Plaintiff could perform her past relevant work, those findings were deficient and remand is warranted. *Vail,* 84 F. App'x at 5 (reversing the ALJ's decision that the claimant could perform less than the full range of light work "with brief changes of position" because the opinion "did not properly define how often [the claimant] would need to change positions" and the hypothetical question lacked the same detail); *see also Maynard v. Astrue,* 276 F. App'x 726, 731 (10th Cir. 2007) (reversing because the ALJ's hypothetical question "provided no specifics to the VE concerning the frequency of any need [the claimant] may have to

alternate sitting and standing" and was "therefore flawed as it pertains to a sit-stand option" and holding that in such circumstances, the VE's testimony "is not ... reliable").

**ORDER**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **REVERSES** the Commissioner's decision and **REMANDS** for further administrative findings.

ENTERED on July 5, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE